# Exhibit A

RECEIVED
7/6/17 R.S.

BENJAMIN LAW GROUP, P.C.
NA'IL BENJAMIN, ESQ. (SBN 240354)
MELANIE POPPER, ESQ. (SBN 236279)
ANTOINETTE MORRIS, ESQ. (SBN 257250)
505 14th Street, Suite 900
Oakland, California 94612
Telephone: (510) 588-8460
Facsimile: (510) 439-2632
nbenjamin@benjaminlawgroup.com

Attorneys for Plaintiffs Uschold, et al.

ENDORSED
FILED
ALAMEDA COUNTY
JUL 0 3 2017
CLERK OF THE SUPERIOR COURT
By Molly J. Kautz Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ALAMEDA**

WILLIAM USCHOLD, JOSE ALAMENDAREZ, TIANA NAPLES, and TON SAECHAO, each individually and on behalf of others similarly situated,

Plaintiff,

vs.

CARRIAGE CEMETARY SERVICES OF CALIFONIA, INC., a CALIFORNIA Corporation; CARRIAGE FUNERAL SERVICES OF CALIFORNIA, INC., a California Corporation, and Does 1 through 50, inclusive,

Defendants.

**CASE NO.** RG17866255

**CLASS AND REPRESENTATIVE ACTION**

Assigned to:

**Complaint For:**

**(1) Failure to Reimburse For All Necessary Expenditures And Losses Under Cal. Lab. Code Section 2802; and**
**(2) Violation of Business & Professions Code Section 17200**

**DEMAND FOR JURY TRIAL**

Individual and Representative Plaintiffs, JOSE ALAMENDAREZ, TIANA NAPLES, TON SAECHAO and WILLIAM USCHOLD as individuals and on behalf of all others similarly situated, complains against Defendant as follows:

1. Plaintiffs JOSE ALAMENDAREZ, TIANA NAPLES, TON SAECHAO and WILLIAM USCHOLD ("Plaintiffs") brings this action individually, and on behalf of all other similarly situated individuals ("the Class") who are or have been in the last four years been

employed by Defendant.

2. Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants CARRAIGE FUNERAL SERVICES OF CALIFORNIA, INC. and CARRIAGE CEMETARY SERVICES OF CALIFORNIA, INC. ("Carriage"), are joint employers jointly corporation operating and employing California citizens under the laws of the state of California, and registered to do business in the state of California. Carriage owns, operates, controls, and/or manages employing entities in Alameda County, and employs, controls, and/or directs the employment duties of California employees performing job duties in Alameda County as well as other surrounding counties, and causes employees to suffer harm as alleged herein in Alameda County as well as other surrounding counties. Carriage does business as Carriage Services Inc., and in the names of various cemeteries providing funeral and burial relates services.

**CLASS AND REPRESENTATIVE ACTION**

3. Plaintiffs bring this action individually, on behalf of the general public, and on behalf of all persons similarly situated within the class of all former and current employees ("Employees") employed by Defendants within the State of California within four years of the filing of this Complaint until the entry of judgment after trial.

4. The Class is defined as all current and former employees ("Employees") who were employed by Defendants in all of its divisions within the State of California within four years of the filing of this Complaint until the entry of judgment after trial, that were required to use their personal property as a necessary part of performing their job duties for Defendants thereby relieving Defendants of those business expenses. On information and belief, the Class consists of more than two thousand and eight hundred (2,800) people.

5. The Class is further subdivided into four sub-classes consisting of: (1) all Class members that were not reimbursed for the use of their personal cell phones as required by California law; (2) all Class members that were not reimbursed for costs incurred in relationship to the use of personal vehicles as required by California law; including, but not limited to, gas, mileage, insurance, vehicle registration, and repair costs; (3) all Class members that were not reimbursed for the use of "personal goods and services"; including, but not limited to, home

internet services, personal computing devices, home telephones and faxes, printers, paper, ink, and other supplies as required by California law; and (4) all Class members that were not reimbursed for the space used in their personal residences as required by California law; including, but not limited to, square footage, electricity, and gas. Membership in one subclass is not mutually exclusive of membership in the other subclasses, Plaintiffs believe that many or most Class members are members of all seven subclasses.

6. Plaintiffs are informed and believe, and based thereon allege, that there is not less than several hundred people in each subclass. The actual number of people in each subclass is will be readily ascertainable by a review of Defendants' records through appropriate discovery. The persons in the Class, and in each subclass, are so numerous that joinder is impracticable, and the disposition of these claims in a class action rather than in individual actions will benefit the parties and the Court.

7. There is a well-defined community of interest in the questions of law and fact affecting each subclass as a whole. At all relevant times herein, Defendants' standard and uniform policy has been to avoid reimbursing its employees for costs and expenses in violation of California Labor Code Section 2802. Defendants required its Employees to incur these costs and expenses, out of pocket, and do not offer any reimbursement or a system for reimbursing its employees. Plaintiffs' compensation does not include reimbursement for any of the expenses identified above.

8. At all relevant times herein, Defendants have not, and continue to fail to reimburse its employees as required under California law.

9. Proof of a common or single state of facts will establish the right of each member of the Class to recover. These questions of law and fact predominate over questions that affect only individual Class members. Plaintiffs' claims are typical of those of the Class.

10. Plaintiffs will fairly and adequately represent the interests of the Class and have no interests that conflict with or are antagonistic to the interests of the Class.

11. Plaintiffs and counsel are aware of their fiduciary responsibilities to the Class members and are determined to diligently discharge those duties by vigorously seeking the

maximum possible recovery for the Class.

12. There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for the Defendants and result in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.

**FIRST CAUSE OF ACTION**

**FAILURE TO REIMBURSE FOR COSTS AND EXPENSES UNDER LABOR CODE SECTION 2802**

**(Against All Defendants)**

13. Plaintiffs re-allege and incorporate paragraphs 1 through 12, inclusive, of this Complaint as though fully set forth herein.

14. Defendants have failed to reimburse Plaintiffs that were required to use their personal property as a necessary part of performing their job duties for Defendants thereby relieving Defendants of those business expenses

15. As a result of the unlawful acts of Defendants, and each of them, Plaintiffs and the Class are owed money in amounts to be proven at trial, and are entitled to recovery of such amounts, plus interest, penalties, and attorney's fees and costs.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PEROIDS (Premium Wages)**

**(Against All Defendants)**

16. Plaintiffs re-allege and incorporate paragraphs 1 through 15, inclusive, of this Complaint as though fully set forth herein.

17. By the conduct described above, Defendants have violated the provisions of the Labor Code, and the Unfair Competition Law, codified at Business & Professions Code Sections 17200 et seq. by engaging in unfair, unlawful, and oppressive activity.

18. The unlawful and unfair business practices conducted by Defendants are ongoing and present a threat and likelihood of continuing against Defendants' current employees.

Accordingly, Plaintiffs and the Class seek preliminary and permanent injunctive relief.

19. Defendants generated income and enjoyed higher stock prices as a direct result of the above-mentioned unlawful and unfair business practices. Plaintiff and the Class are therefore entitled to restitution of any and all monies received by Defendants, and each of them, while engaged in such practices.

20. As a result, Plaintiffs and the Class are entitled to restitution of their unpaid costs and expenses in addition to interest, penalties, reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all Class members and/or other persons similarly situated, respectfully prays for judgment against Defendants, and each of them, according to proof, as follows:

a. For unpaid costs and expenses, according to proof;

b. For temporary and preliminary orders, and permanent injunctive relief, enjoining Defendants and their agents, servants and employees, from unfair and/or unlawful conduct;

c. For restitution of unpaid costa and expenses pursuant to Business & Professions Code Sections 17200 et seq.;

d. For interest at the maximum legal rate;

e. For attorney's fees authorized by statute;

f. For costs of suit incurred herein; and

g. For such other and further relief as the Court may deem just and proper.

Dated: June 26, 2017

**Benjamin Law Group, P.C.**

By

**NA'IL BENJAMIN**
Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, hereby requests a jury trial on the claims so triable.

Dated: June 26, 2017

**Benjamin Law Group, P.C.**

By ______________________

**NA'IL BENJAMIN**
Attorneys for Plaintiffs

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
ALAMEDA COUNTY
JUL 0 3 2017
CLERK OF THE SUPERIOR COURT
By Molly S. Kautz, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

Carriage Cemetary Services of California, Inc., a California Corporation; Carriage Funeral Services of California, Inc., a California Corporation,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

William Uschold, Jose Alamendarez, Tiana Naples, and Ton Sacchao, each individually and on behalf of others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda Superior Court
Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
RG17866255

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: JUL 0 3 2017 Chad Finke Clerk, by Molly [illegible] , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Carriage Cemetery Services of California, Inc, a California Corporation

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

| SHORT TITLE: Uschold, et al. v. Carriage Cementary Services of California, et al. | CASE NUMBER: |
|---|---|

INSTRUCTIONS FOR USE

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

and Does 1 through 50, inclusive,

Form Adopted by Rule 982(a)(9)(A)
Judicial Council of California
982(a)(9)(A) [New January 1, 1993]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.USCourtForms.com

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
BENJAMIN LAW GROUP, P.C.
Na'il Benjamin, Esq.
505 14th Street, Suite 900
Oakland, CA 94612
TELEPHONE NO.: (510) 588-8460 FAX NO.: (510) 439-2632
ATTORNEY FOR (Name): Plaintiffs, Uschold, et al.

FOR COURT USE ONLY

ENDORSED FILED ALAMEDA COUNTY
JUL 03 2017
CLERK OF THE SUPERIOR COURT
By Molly J. Kautz, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
William Uschold, et al. v. Carriage Cemetary Services of Ca., et al.

CASE NUMBER: RG17866255

JUDGE:

DEPT:

# CIVIL CASE COVER SHEET

[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action (*specify*):
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: July 3, 2017
Na'il Benjamin, Esq.
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



NXC / ALL
Transmittal Number: 16849346
Date Processed: 07/06/2017

# Notice of Service of Process

**Primary Contact:** Raymond M. Sebesta, III
Carriage Services
Attn: Legal Dept.
Suite 300 3040 Post Oak Blvd.
Houston, TX 77056

**Electronic copy provided to:** Legal Department

| | |
|---|---|
| **Entity:** | Carriage Cemetery Services Of California, Inc.<br>Entity ID Number 3317445 |
| **Entity Served:** | Carriage Cemetery Services of California, Inc. |
| **Title of Action:** | William Uschold vs. Carriage Cemetary Services of Califonia, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Alameda County Superior Court, California |
| **Case/Reference No:** | RG17866255 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/05/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Na'il Benjamin<br>510-588-8460 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

Benjamin Law Group PC
Attn: Benjamin, Na'Il
505 - 14th St.
Suite 900
Oakland, CA 94612

Carriage Cemetary Services of California, Inc.

# Superior Court of California, County of Alameda
# Rene C. Davidson Alameda County Courthouse

| Uschold Plaintiff/Petitioner(s) VS. Carriage Cemetary Services of California, Inc. Defendant/Respondent(s) (Abbreviated Title) | No. RG17866255 NOTICE OF HEARING |
|---|---|

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 09/05/2017 TIME: 03:00 PM DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
201 13th Street, Oakland

Case Management Conference:
DATE: 10/06/2017 TIME: 09:16 AM DEPARTMENT: 30
LOCATION: U.S. Post Office Building, Second Floor
201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at (510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 07/07/2017 Chad Finke Executive Officer / Clerk of the Superior Court

By digital

Deputy Clerk

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/07/2017.

By digital

Deputy Clerk