Amir Nassihi (SBN 235936)
anassihi@shb.com
Andrew L. Chang (SBN 222309)
achang@shb.com
Jason M. Richardson (SBN 250916)
jmrichardson@shb.com
SHOOK, HARDY & BACON L.L.P.
One Montgomery, Suite 2600
San Francisco, California 94104
Tel: 415.544.1900 | Fax: 415.391.0281

Kristen A. Page, admitted *pro hac vice*
kpage@shb.com
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Tel: 816.474.6550 | Fax: 816.421.5547

Attorneys for Defendant
CARRIAGE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM USCHOLD, JOSE ALMENDAREZ, TIANA NAPLES, and TON SAECHAO, each individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CARRIAGE SERVICES, INC.,<br><br>Defendant. | Case No. 4:17-cv-04424-JSW (EDL)<br><br>**DECLARATION OF ANDREW L. CHANG IN SUPPORT OF DEFENDANT'S MOTION FOR MONETARY SANCTIONS**<br><br>Date: March 6, 2019<br>Time: 9:00 a.m.<br>Dept.: Courtroom E – 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

I, Andrew L. Chang, declare as follows:

1. I am an attorney licensed to practice law in the State of California and in all the courts thereof and am a partner in the law firm of Shook, Hardy & Bacon, L.L.P., attorneys for Defendant Carriage Services, Inc. The statements in this Declaration are made on the basis of my own

knowledge or, where stated, upon my information and belief, and I would competently testify thereto if called upon to do so.

2. Discovery in this action opened on May 3, 2018, upon completion of the Rule 26(f) conference.

3. On May 22, 2018, CSI served initial written discovery, including interrogatories and requests for production of documents, on each of the named Plaintiffs by mail, responses to which were therefore due on June 25, 2018. That same day, CSI also served notices of each Plaintiff's deposition with blank dates for the parties to confirm availability. Attached as **Exhibit 1** is a true and correct copy of the Certificate of Service of those documents.

4. By email dated June 18, 2018, Plaintiffs' counsel, Dominique Thomas, requested a two-week extension for responding to CSI's initial written discovery requests. That same day, I agreed to that extension, making such responses due on July 9, 2018. Attached as **Exhibit 2** is a true and correct copy of the relevant email correspondence. No responses were served by that date.

5. On July 11, 2018, I emailed Plaintiffs' counsel, Dominique Thomas and Na'il Benjamin, stating that CSI had not received Plaintiffs' responses to the discovery due on July 9 and requesting a courtesy copy be emailed to me. On a call that afternoon, Ms. Thomas stated no responses had been served but promised that responses would be served by July 18. No responses were served. On July 23, 2018, I again emailed Ms. Thomas and Mr. Benjamin stating responses had still not been received and requested a courtesy copy of the responses and proof of service by email immediately. Attached as **Exhibit 3** is a true and correct copy of the relevant email correspondence reflecting the communications on July 11 and 23.

6. On July 24, 2018, a new attorney for Plaintiffs, Brian Hawes, emailed me stating that he had been newly assigned to the case. That day, I responded to Mr. Hawes and Mr. Benjamin identifying "two particularly urgent issues," including preparation of the joint CMC statement and Plaintiffs' missing written-discovery responses. I requested confirmation whether responses had yet been served and, if not, I asked to schedule a meet-and-confer to, if necessary, prepare a joint discovery-dispute letter brief to be filed with the Court before the August 10, 2018 CMC. In a July

426792 v1

25, 2018 email, Mr. Hawes responded that he would check "on the outstanding issues [I] identified." Attached as **Exhibit 4** is a true and correct copy of the relevant email correspondence reflecting the communications on July 24 and 25.

7. Plaintiffs' counsel did not respond to my July 24, 2018 request to meet and confer about the missing responses. In the parties' joint statement in advance of the initial CMC, CSI identified Plaintiffs' continuing failure to serve responses to the initial written discovery and refusal to meet and confer regarding them. (*See* Dkt. 44)

8. In a series of emails between me and Mr. Benjamin on August 3, 2018 regarding the joint CMC statement due that day, Mr. Benjamin emailed stating that they were "aiming to confirm that discovery is going out today." Mr. Benjamin also asked CSI to remove the discovery-dispute from the joint statement because "the issues will be moot before the CMC" and represented that responses would be served by August 10. Given the history of delay, CSI refused to remove the issue in the event Plaintiffs failed to serve responses. Attached as **Exhibit 5** is a true and correct copy of the relevant email correspondence reflecting those communications.

9. At the initial CMC on August 10, 2018, Plaintiffs' counsel, Mr. Hawes, appeared and again represented both to me and the Court that CSI would receive Plaintiffs' missing responses that day. I confirmed Mr. Hawes' representations in an email to Mr. Hawes and Mr. Benjamin the same day, requesting courtesy copies by email. Again, without explanation or response to my request, Plaintiffs failed to serve its responses to CSI's initial written discovery requests. On August 13, I left a voicemail at Plaintiffs' counsel's office and also emailed Mr. Hawes and Mr. Benjamin again, noting CSI had not received the promised responses and requesting to schedule a call to meet and confer any time up through August 15 and asking for Plaintiffs' availability. That day, Mr. Hawes left me a voicemail stating that he would check with Mr. Benjamin about the missing discovery. That evening, Mr. Benjamin emailed me stating he would "get an answer to [me] in the morning" (*i.e.*, on August 14) On August 15, 2018, I emailed Mr. Benjamin and Mr. Hawes, stating no answers had been provided as promised nor had Plaintiffs' counsel provided any availability to meet and confer and, therefore, resolution by the Court appeared necessary. I also attached CSI's

portion of a joint letter brief, requesting Plaintiffs' include their portions by noon on August 17 or CSI would file a separate letter. Attached as **Exhibit 6** is a true and correct copy of the relevant email correspondence between August 10 and 15, 2018. Attached as **Exhibit 7** is a true and correct copy of the draft letter brief I sent to Plaintiffs' counsel on August 15, 2018, in which CSI intended to request an order compelling Plaintiffs to respond to CSI's discovery without any objections, which had been waived by Plaintiffs' failure to timely respond.

10. On August 16, 2018, Plaintiffs' counsel served and emailed copies of responses to CSI's initial written discovery requests noting that required verifications from Plaintiffs Saechao and Naples would "follow." That evening, Mr. Hawes send me an email requesting that CSI "hold off on filing" its letter brief until I had a chance to review the responses served. Attached as **Exhibit 8** is a true and correct copy of the relevant email correspondence. Verifications by Mr. Saechao and Ms. Naples, and a production of some documents, were sent to CSI's counsel on August 17.

11. CSI's counsel immediately began reviewing Plaintiffs' responses and production of documents and identified deficiencies therein. On August 17, 2018, I emailed Mr. Hawes and Mr. Benjamin asking to confer regarding deficiencies based on CSI's initial review, including that the responses were incomplete, did not provide information or documents requested without explanation, contained boilerplate objections (that had been waived) that prevented CSI from determining what materials were being withheld based on what objections, and that all objections have been waived in any event. Attached as **Exhibit 9** is a true and correct copy of the relevant email correspondence.

12. Mr. Hawes and CSI's counsel, including me and Jason Richardson, met and conferred telephonically that same day, primarily addressing whether Plaintiffs would withdraw the objections as waived. Attached as **Exhibit 10** is a true and correct copy of email correspondence that day confirming the subject of that call.

13. Mr. Hawes and I conferred again on August 22, 2018 and Mr. Hawes disputed CSI's position that Plaintiffs had waived attorney-client privilege and work product objections, but stated that Plaintiffs would serve supplemental responses withdrawing all other objections and identifying

426792 v1

what documents and information were being withheld on the basis of privilege or work product. Mr. Hawes refused to specify when Plaintiffs would serve those responses, stating only that he would have more information by August 31, 2018.

14. CSI waited weeks for those supplemental responses without any explanation from Plaintiffs. On September 6, 2018, I emailed Mr. Hawes and Mr. Benjamin noting Plaintiffs had not served the supplemental responses as promised nor indicated when those additional documents or responses would be served. I attached to that email, a draft discovery-dispute letter brief containing CSI's request that supplemental responses without objection be ordered. I stated that CSI would file it separately if Plaintiffs did not provide their position by September 12, 2018. Attached as **Exhibit 11** is a true and correct copy of my September 6, 2018 email. Attached as **Exhibit 12** is a true and correct copy of the draft brief attached to my September 6, 2018 email.

15. Plaintiffs ignored my September 6, 2018 email and the draft brief.

16. On September 13, 2018, I called and left Mr. Benjamin a voicemail informing him that CSI would file its portion of the letter brief separately as previously stated. Mr. Benjamin finally responded, asking to confer telephonically on September 14. Mr. Benjamin and I exchanged emails and spoke extensively on September 14. Mr. Benjamin represented that no documents were being withheld on the basis of privilege, specifically stating that he did not communicate in writing with his clients, and that he would provide supplemental responses to discovery making that clear. Attached as **Exhibit 13** is a true and correct copy of the relevant email correspondence.

17. Between September 17 and September 19, 2018, Plaintiffs served supplemental responses only as to CSI's requests for production of documents, ignoring CSI's interrogatories.

18. For almost two months, the same pattern followed. CSI's counsel repeatedly followed up on deficient responses to its requests for production of documents and the missing interrogatory responses. Plaintiffs would promise compliant responses, would miss self-imposed deadlines or serve deficient amended responses, requiring further review and follow-up by CSI's counsel. Attached as **Exhibit 14** is a true and correct copy of the relevant email correspondence reflecting those efforts from September 21 to November 14, 2018. As reflected in that correspondence, CSI's

counsel repeatedly emphasized that complete responses were necessary in order to conduct efficient depositions of Plaintiffs.

19. With discovery set to close on February 1, 2019 and notwithstanding continuing efforts to confer regarding Plaintiffs' written discovery responses, CSI eventually scheduled Plaintiffs' depositions for December 5, 2018 (William Uschold), December 6 (Jose Almendarez), December 18 (Ton Saechao), and December 19 (Tiana Naples). It took months for Plaintiffs to respond to CSI's repeated requests for their availability for deposition.

20. Attached as **Exhibit 15** are true and correct copies of the relevant pages of the transcript of Plaintiff William Uschold's deposition, taken on December 5, 2018.

21. Attached as **Exhibit 16** are true and correct copies of the relevant pages of the transcript of Plaintiff Jose Almendarez's deposition, taken on December 6, 2018.

22. After two consecutive days of depositions of the same misconduct despite repeated meet-and-confer efforts, given Plaintiffs' continuing failure to serve proper responses to the initial written discovery, and given testimony made clear that Plaintiffs' representations that no materials were being withheld on the grounds of privilege were false, CSI's counsel prepared yet another letter brief addressing both those issues. On December 13, 2018, CSI's counsel emailed CSI's portion of the brief to Plaintiffs, asking that they include their response so that it could be filed on December 17 at noon. Attached as **Exhibit 17** is a true and correct copy of that email, not including the draft letter brief, which was substantively identical to brief CSI filed (Dkt 51).

23. Plaintiffs' counsel ignored CSI's request to include Plaintiffs' position in the discovery letter brief. As a result, CSI filed a letter brief containing only its position on December 18, 2018. Dkt. 51

24. Attached as **Exhibit 18** is a true and correct copy of the relevant pages of the transcript of Plaintiff Ton Saechao's deposition, taken on December 18, 2018.

25. Attached as **Exhibit 19** is a true and correct copy of the relevant pages of the transcript of Plaintiff Tiana Naples' deposition, taken on December 19, 2018.

426792 v1

26. I have reviewed the billing records of CSI's counsel, Shook, Hardy & Bacon L.L.P. ("Shook"), in this action, and confirm that CSI has (or will be) billed the following amounts for services and out-of-pocket expenses in connection with CSI's letter brief moving to compel responses, for which CSI seeks reimbursement from Plaintiffs on the accompanying motion for monetary sanction.

A) Costs and Fees Incurred in Securing the Discovery Order

**1. Chart of Fees for Securing Discovery Order**

As described below, to secure the Court's January 17, 2019 Order, CSI seeks reimbursement for fees incurred for 25.3 hours of time by Andrew Chang, 32.9 hours of time billed by Jason Richardson, and 0.4 hours billed by Ruby Darmstadt, a Senior Analyst, all of whom are at Shook. Reasonable hourly rates for that time actually incurred by CSI, as described further below, is $445 for both Andrew Chang and Jason Richardson, and $195 for Ruby Darmstadt.

| Date | Time Spent (Hours) | Biller | Billing Entry |
|---|---|---|---|
| 6/18/2018 | 0.2 | Andrew Chang | Correspond with Ms. Thomas, Plaintiffs' counsel, regarding status of and request for extension to respond to discovery. |
| 7/23/2018 | 0.3 | Andrew Chang | Correspond with Plaintiffs' counsel requesting responses to discovery. |
| 8/13/2018 | 0.3 | Andrew Chang | Confer and correspond with Plaintiffs' counsel regarding status of discovery responses and preparation for mediation. |
| 8/13/2018 | 2.1 | Jason Richardson | Prepare letter brief regarding plaintiffs' failure to produce and serve responses to written discovery requests. |
| 8/13/2018 | 0.7 | Jason Richardson | Review Rule 37 standards and case law in preparation to draft letter brief regarding plaintiffs' failure to produce responses to written discovery requests |
| 8/13/2018 | 0.5 | Jason Richardson | Review and analyze meet and confer correspondence in preparation to draft letter brief regarding plaintiffs' failure to produce responses to discovery requests. |

426792 v1

| Date | Time Spent (Hours) | Biller | Billing Entry |
|---|---|---|---|
| 8/14/2018 | 0.2 | Andrew Chang | Further correspond with Plaintiffs' counsel regarding mediation and discovery. |
| 8/14/2018 | 1.7 | Jason Richardson | Revise and edit letter brief regarding plaintiffs' continuing refusal to respond to written discovery requests. |
| 8/15/2018 | 1.3 | Andrew Chang | Analyze and compile evidence to support joint letter brief regarding written-discovery dispute, revise same, and further correspond with Plaintiffs' counsel regarding same. |
| 8/17/2018 | 2.8 | Jason Richardson | Review and analyze documents produced by plaintiff William Uschold in response to requests for production of documents. |
| 8/17/2018 | 0.8 | Jason Richardson | Review and analyze plaintiffs' responses and objections to requests for production of documents and interrogatories |
| 8/17/2018 | 0.3 | Jason Richardson | Meet and confer with plaintiffs' counsel by phone regarding Plaintiffs' responses to requests for production of documents and interrogatories |
| 8/19/2018 | 2.1 | Jason Richardson | Review and analyze documents produced by Plaintiff Tiana E. Naples in response to written discovery requests |
| 8/20/2018 | 1.9 | Jason Richardson | Review and analyze documents produced by plaintiff Jose Almendarez in response to written discovery requests |
| 8/20/2018 | 1.6 | Jason Richardson | Review and analyze documents produced by plaintiff Ton Saechao in response to written discovery requests |
| 8/22/2018 | 0.6 | Andrew Chang | Confer with Plaintiffs' counsel, Mr Hawes, regarding discovery disputes, research and develop strategy regarding same. |
| 8/27/2018 | 1.3 | Jason Richardson | Review case law regarding relief from waiver following failure to respond to written discovery in preparation to draft joint letter brief to Court regarding Plaintiff's failure to respond to requests for admission and interrogatories. |
| 8/28/2018 | 1.9 | Jason Richardson | Prepare joint letter brief to be submitted to court regarding discovery dispute. |

426792 v1

| Date | Time Spent (Hours) | Biller | Billing Entry |
|---|---|---|---|
| 9/6/2018 | 1.8 | Andrew Chang | Analyze status of discovery dispute and mediation, revise letter brief, and correspond with Plaintiffs' counsel regarding same. |
| 9/13/2018 | 1.3 | Andrew Chang | Develop strategy and confer and correspond with Plaintiffs' counsel regarding discovery disputes. |
| 9/14/2018 | 1.7 | Andrew Chang | Confer and correspond with Mr. Benjamin regarding discovery dispute. |
| 9/18/2018 | 1.2 | Andrew Chang | Analyze Plaintiffs' responses and develop strategy regarding further disputes on same. |
| 9/19/2018 | 1.4 | Andrew Chang | Further analyze and correspond with Plaintiffs' counsel regarding amended discovery responses. |
| 9/21/2018 | 1.8 | Andrew Chang | Analyze deficiencies regarding discovery responses, develop strategy regarding same, and correspond with Plaintiffs' counsel regarding same. |
| 10/5/2018 | 2.6 | Andrew Chang | Analyze responses and status of discovery and mediation and correspond with Plaintiffs' counsel regarding same. |
| 10/10/2018 | 0.4 | Andrew Chang | Further correspond with Mr. Benjamin regarding mediation and discovery. |
| 10/16/2018 | 0.2 | Andrew Chang | Correspond with Mr. Benjamin regarding mediation and discovery issues |
| 10/25/2018 | 1.1 | Jason Richardson | Review previously served discovery and responses in preparation for further meet and confer attempts with opposing counsel. |
| 10/25/2018 | 0.5 | Jason Richardson | Meet and confer with opposing counsel by email regarding status of written discovery responses from plaintiffs. |
| 11/12/2018 | 0.8 | Jason Richardson | Prepare meet and confer correspondence to be sent to plaintiffs' counsel regarding outstanding written discovery requests. |
| 11/13/2018 | 1.1 | Jason Richardson | Prepare meet and confer correspondence to plaintiffs' counsel regarding status of plaintiffs' amended responses to interrogatories and requests for production |

426792 v1

| Date | Time Spent (Hours) | Biller | Billing Entry |
|---|---|---|---|
| 12/10/2018 | 1.2 | Jason Richardson | Review discovery case law and standards in preparation to draft letter brief to court regarding plaintiff's counsel's discovery misconduct at deposition. |
| 12/10/2018 | 2.3 | Jason Richardson | Prepare letter brief to court regarding plaintiff's counsel's deposition misconduct. |
| 12/11/2018 | 3.1 | Jason Richardson | Prepare letter brief to send to court regarding plaintiffs' counsel's misconduct at deposition and failure to produce documents requested through written discovery. |
| 12/12/2018 | 0.8 | Andrew Chang | Revise letter brief regarding discovery disputes and confer and correspond with Mr. Richardson regarding same. |
| 12/12/2018 | 2 | Jason Richardson | Revise and edit joint letter brief to be submitted to court regarding plaintiffs' counsel's deposition misconduct and failure to provide required documents in response to written discovery requests. |
| 12/13/2018 | 0.3 | Jason Richardson | Meet and confer via email with opposing counsel regarding letter brief to be filed regarding plaintiffs' counsel's conduct at deposition and failure to provide documents requested through discovery. |
| 12/14/2018 | 0.7 | Jason Richardson | Review and analyze deposition transcript of Plaintiff Jose Almendarez in preparation to include excerpts in joint letter brief to court. |
| 12/17/2018 | 0.6 | Jason Richardson | Review rough draft of deposition transcript of plaintiff William Uschold in preparation to provide letter brief concerning discovery dispute to court. |
| 12/17/2018 | 0.3 | Jason Richardson | Communicate with opposing counsel regarding draft joint letter brief concerning discovery dispute. |
| 12/26/2018 | 0.3 | Jason Richardson | Review order of magistrate Judge Laporte regarding ongoing discovery dispute and plaintiffs' failure to file response. |

426792 v1

| Date | Time Spent (Hours) | Biller | Billing Entry |
|---|---|---|---|
| 12/28/2018 | 0.6 | Jason Richardson | Review and analyze plaintiffs' counsel communications regarding further briefing ordered by the court concerning discovery dispute. |
| 1/7/2019 | 6.7 | Andrew Chang | Analyze plaintiffs' deposition transcripts, discovery responses, and document productions regarding issues requested by Court's order for discovery-dispute reply brief, research to support same, and draft reply brief in support of discovery disputes. |
| 1/8/2019 | 2.1 | Andrew Chang | Further analyze Plaintiffs' prior discovery, disclosures, representations, and transcripts, and revise discovery-dispute reply letter brief. |
| 1/8/2019 | 0.3 | Jason Richardson | Review and analyze draft reply brief in support of discovery motion concerning plaintiffs' failure to produce documents and conduct at deposition. |
| 1/9/2019 | 0.4 | Andrew Chang | Finalize discovery-dispute reply letter brief for filing. |
| 1/9/2019 | 0.4 | Ruby Darmstadt | Oversee filing and service of discovery reply letter brief and coordinate chambers delivery of same. |

**2. Out-of-Pocket Expenses for Securing the Discovery Order**

To secure the Court's January 17, 2019 Order, CSI seeks recovery of $85.00 incurred for the cost of the service used to lodge chambers copies of its January 9, 2019 discovery-dispute reply letter brief.

**3. Total Amount Sought for Securing the Discovery Order**

The total fees for the amounts reflected in the above chart are $11,258.50 for Andrew Chang's time (25.3 hours x $445.00); $14,640.50 for Jason Richardson's time (32.9 hours x $445.00); and $78.00 for Ms. Darmstadt's time (0.4 hours x $195.00), which equals $25,977.00. Including the $85.00 for out-of-pocket expenses brings that total to $26,062.00.

426792 v1

B) <u>Costs and Fees Incurred in Preparing For and Taking "Frustrated" Depositions of Plaintiffs</u>

**1. Fees for Preparing and Taking Depositions of Named Plaintiffs**

As described below, to prepare for and take the depositions of Plaintiffs William Uschold, Jose Almendarez, Ton Saechao, and Tiana Naples, CSI incurred fees for 49.3 hours of time spent by Jason Richardson of Shook.

| Date | Time Spent (Hours) | Biller | Billing Entry |
|---|---|---|---|
| 11/27/2018 | 3.2 | Jason Richardson | Plan and prepare to conduct deposition of Plaintiff William Uschold. |
| 11/28/2018 | 4.1 | Jason Richardson | Plan and prepare to conduct deposition of plaintiff Ton Saechao. |
| 11/28/2018 | 4.7 | Jason Richardson | Plan and prepare to conduct deposition of Plaintiff Jose Almendarez. |
| 11/29/2018 | 3.1 | Jason Richardson | Plan and prepare to conduct deposition of plaintiff Tiana Naples. |
| 12/4/2018 | 0.8 | Jason Richardson | Review untimely produced tax documents for plaintiff William Uschold. |
| 12/5/2018 | 9.5 | Jason Richardson | Conduct deposition of plaintiff William Uschold. |
| 12/5/2018 | 0.7 | Jason Richardson | Review untimely produced tax records produced by plaintiff Jose Almendarez. |
| 12/6/2018 | 6.8 | Jason Richardson | Take deposition of plaintiff Jose Almendarez. |
| 12/18/2018 | 8.8 | Jason Richardson | Prepare for and conduct deposition of lead plaintiff Ton Saechao. |
| 12/19/2018 | 7.6 | Jason Richardson | Conduct deposition of lead plaintiff Tiana Naples. |

**2. Out-of-Pocket Expenses for Preparing and Taking Depositions of Named Plaintiffs**

CSI seeks recovery for a portion of the $12,811.19 in out-of-pocket expenses it incurred to take the depositions of Plaintiffs, as follows: $2,281.25 for the costs of the court reporter, videographer, and transcripts of Ms. Naple's deposition; $2,548.80 for the costs of the court reporter, videographer, and transcripts of Mr. Saechao's deposition; $3,233.41 for the costs of the

12
CHANG DECLARATION ISO MOTION FOR MONETARY SANCTIONS
CASE NO. 4:17-cv-04424-JSW

426792 v1

court reporter, videographer, and transcripts of Mr. Almendarez's deposition; and $4,747.73 for the costs of the court reporter, videographer, and transcripts of Mr. Uschold's deposition. Attached as **Exhibit 20** is a true and correct copy of the invoices for these costs.

### 3. Total Amount Sought for Preparing and Taking Depositions of Named Plaintiffs

To prepare and take the frustrated depositions, the total fees for the amounts reflected in the above chart are $21,938.50 for Jason Richardson's time (49.3 hours x $445.00). Including the $12,811.19 for out-of-pocket expenses brings that total to $34,749.69. In recognition of the fact that these depositions were of some value, CSI seeks only 75% of the total costs and fees incurred, equaling $26,062.26.

C) <u>Costs Incurred in Preparing this Motion for Sanctions</u>

As of the date this declaration is drafted, the total charge to date for the preparation of this Motion for Sanctions is $7,787.50, reflecting 17.5 hours of Andrew Chang's time.

27. As to the reasonableness of hourly rates charged and claimed in connection with the sanctions:

    A) Andrew L. Chang is a Partner at Shook and was involved in every aspect of the discovery disputes in this action. Mr. Chang graduated from Duke University School of Law in 2002. He has been admitted and practiced in California for over 16 years. His career has focused on complex, multi-party litigation and class actions, including employment matters.

    B) Jason M. Richardson is an Associate at Shook and the primary associate in this action. Mr. Richardson graduated from the University of California Berkeley School of Law in 2007. He has been admitted and practiced in California for over 11 years. He has been involved in all aspects of the discovery in this case and was responsible for taking all four of the depositions that were at issue in CSI's motion to compel.

    C) Ruby Darmstadt is a Senior Analyst at Shook. She received her paralegal certificate in 2002 and has worked as an Analyst and then Senior Analyst at Shook for over 15 years.

426792 v1

D) For this case, Shook's hourly rates charged to CSI are: $445.00 per hour for both Jason Richardson and Andrew Chang, and $195.00 per hour for Ruby Darmstadt.

E) Attached as **Exhibit 21** is a true and correct copy of the USAO Attorney's Fees Matrix – 2015-2019 (also available at https://www.justice.gov/usao-dc/civil-division), which is a "matrix of hourly rates for attorneys of varying experience levels" that "has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) to evaluate requests for attorney's fees in civil cases in District of Columbia courts. The matrix is intended for use in cases in which a fee-shifting statute permits the prevailing party to recover 'reasonable' attorney's fees." Pursuant to that matrix, a reasonable hourly rate for Andrew Chang as an attorney with over 16 years of experience is $544 and a reasonable hourly rate for Jason Richards as an attorney with 11 years of experience is $491. Both exceed the rates being sought by CSI here.

F) The hourly rates are also either consistent with, or lower, than the rates found by Courts in this district to be reasonable for attorneys and paralegals with similar levels of experience in the San Francisco Bay Area. *See, e.g., Trujillo v. Orozco*, No. 5:17-cv-00566, 2018 WL 1142311, *3 (N.D. Cal. Mar. 2, 2018) (collective cases).

G) Plaintiffs' counsel Na'il Benjamin has previously sought sanctions against CSI in this action (which the Court denied) asserting an hourly rate of $500 per hour, higher than the rate sought by CSI here. *See* Dkt. 60 at p. 4. Mr. Benjamin was admitted to California in 2005 (*see* http://members.calbar.ca.gov/fal/Licensee/Detail/240354), placing him between Mr. Chang and Mr. Richardson in terms of years of experience.

I declare under penalty of perjury, under the laws of the State of California and the United States, that the foregoing is true and correct. Executed this 30th day of January, 2019 in San Francisco, California.

*/s/ Andrew L. Chang*
ANDREW L. CHANG